UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK HENDERSON,

      Plaintiff,                                         Case No.: 1:24-CV-10096

v.                                                   Hon. Thomas L. Ludington

HAUSBECK PICKLE COMPANY, INC.,

      Defendant.

## ORDER APPROVING FLSA SETTLEMENT

This matter is before the Court on the Parties' submission of the proposed settlement that the Parties reached and memorialized in the Settlement Agreement and Specific Release ("Settlement" or "Agreement"), attached hereto as Exhibit 1.

1. Having reviewed the Parties' Agreement, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Order approving the Settlement, including the proposed attorneys' fees and expense reimbursements to Plaintiff's Counsel, as a fair and reasonable resolution of this lawsuit.

2. The captioned action asserts unpaid overtime claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, on behalf of non-exempt employees of Defendant, Hausbeck Pickle Company (hereinafter, "Defendant").

3. On January 12, 2024, representative Plaintiff Patrick Henderson filed this action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiff initiated this action on behalf of himself and all other persons similarly situated, seeking damages for alleged violations of the FLSA (hereinafter referred to as "Plaintiffs' Lawsuit"). *See* ECF No. 1. In general, Plaintiff claims that Defendant failed to properly calculate its employees' overtime rates under the FLSA. Defendant denies the claims brought by Plaintiff.

4. After engaging in substantial informal discovery, including information regarding Henderson's wages and hours, as well as information regarding a bona fide loan made by Defendant to Plaintiff Henderson, the parties agreed to attempt to negotiate resolution of this matter. The Parties engaged in direct negotiations over a period of several weeks.

5. The Settlement will cover Plaintiff Henderson's individual claims, which will be dismissed with prejudice in exchange for the Settlement Payment provided for in the Agreement. The Settlement further provides that all claims asserted by Plaintiff Henderson as a purported representative of a class or collective of allegedly similarly situated individuals shall be dismissed without prejudice and without any award of costs or attorney fees to any party.

6. "The circuits are split on whether the settlement of FLSA claims requires Court approval." *Reed v. M3K, LLC*, 2023 WL 8440262, at *1 (E.D. Tenn.

Dec. 5, 2023) (*comparing, e.g., Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no Court approval required) with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring Court approval) and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (same); *see also Barbee v. Big River Steel, LLC*, 927 F.3d 1024 (8th Cir. 2019) (no Court approval of attorneys' fees required).

7.     A growing number of district courts in other circuits have recently analyzed with more scrutiny whether court-approval of FLSA settlements is required, and many have concluded that approval is not required. *See e.g., Corbett v. Pub. Employees' Ret. Sys.*, 2024 WL 518895 (D. Nev. Feb. 9, 2024) ("Rule 41(a)(1)(A) and FLSA's text do not require judicial approval of individual FLSA settlements, and in doing so, it joins the growing number of courts which hold the same."); *Walker v. Marathon Petroleum Corp.*, 2023 WL 4837018 (W.D. Pa. July 28, 2023) (judicial approval is not required for settlement of a bona-fide wage dispute under the FLSA, for either a single plaintiff agreement or a collective action agreement); *Evans v. Centurion Managed Care of Arizona LLC*, 2023 WL 5095201 (D. Ariz. Aug. 9, 2023); *Regalado v. Albuquerque Mail Serv., Inc.*, 2023 WL 3649001 (D. N.M. May 25, 2023); *Alcantara v. Duran Landscaping, Inc.*, 2022 WL 2703610, at *1 (E.D. Pa. July 12, 2022).

8. The Sixth Circuit has not decided the issue. Some district courts in this Circuit recently reached the same conclusion that Court approval is not required. *See Askew v. Inter-Continental Hotels Corp.*, 5:19-cv-24, 2022 WL 3161927 (W.D. Ky. Aug. 8, 2022) (no Court approval required); see also *Reed v. M3K, LLC*, 2023 WL 8440262 (E.D. Tenn. Dec. 5, 2023) (same). But other courts in this Circuit have historically found it appropriate to review FLSA settlements for approval at the Parties' request. *See, e.g., Downard v. Reno's, Inc.*, Case No. 16-cv-927 (W.D. Mich., ECF No. 63) (J. Maloney). Until the Sixth Circuit addresses the issue, out of an abundance of caution, the Court reviewed the Parties' Agreement.

9. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation, informal discovery, and expert analysis. Plaintiff's Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate, and in the best interests of the Plaintiff. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the Parties' counsel's experience and views.

10. The Court approves the Agreement, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein.

11. Based on the foregoing, the Court orders that the claims asserted by Plaintiff Henderson as an individual be and hereby are dismissed with prejudice. The Court further orders that all claims asserted by Plaintiff Henderson as a purported representative of a class or collective of allegedly similarly situated individuals be and hereby are dismissed without prejudice, and without any award of costs or attorney fees to any party.

**IT IS SO ORDERED.**

Dated: August 15, 2024   s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge